WANDELL v. ROMEYN et al. (two cases).

(Supreme Court, Appellate Division, First Department.    December 23, 1898.)

ACTION OF FORECLOSURE—AGREEMENT OF PARTIES—NOTICE.
> Where an application to compel a plaintiff to proceed with a foreclosure action rests on agreement, all the parties to the agreement are entitled to notice, since it is not an ordinary proceeding in the action.

Appeal from special term.

Actions by Caroline Wandell against Harriette S. D. Romeyn and others, and by Josephine Wandell against the same defendants.    Defendant Hassey appeals from an order denying a motion that plaintiff be directed to proceed with a foreclosure action, and plaintiff appeals from an order granting a similar motion by defendant Hassey.    The order as to the former appeal affirmed, and as to the latter reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Thomas W. Butts, for plaintiffs.
George Sewell Bonner, for defendant Hassey.

PER CURIAM. Hassey's applications to compel the plaintiff to proceed with these actions rest upon written agreements entered into between all the parties thereto,—that is, between the plaintiff, as the holder of the first mortgage upon the premises; Weed, the holder of the second mortgage; Hassey, claiming to be a subsequent or third lienor; and the mortgagor and owner of the equity of redemption, Romeyn. These agreements are special and peculiar, and the question of Hassey's right thereunder to require the plaintiff to proceed, or, in the alternative, to repay him the sums advanced, is a close one. We think it clear that all the parties to these agreements should have been before the court upon these applications. Notice thereof was given by Hassey to the plaintiff and to Weed, but, singularly enough, not to Romeyn. He acted upon the theory that, because Romeyn had not appeared in the action, she was not entitled to notice. But these applications were not ordinary proceedings in the actions. They were special applications founded upon special agreements. Whether the plaintiff should have been required to proceed against Mrs. Romeyn, under these agreements, was a question upon which she was plainly entitled to be heard. Hassey himself had not appeared in the actions. Consequently his applications rested entirely upon these agreements, which defined and prescribed the rights of all the parties thereto. As Hassey could only secure relief under these agreements, he was bound to bring all the parties thereto before the court. Mrs. Romeyn was a party to the agreements, and as such she was entitled to notice of applications founded thereupon affecting her rights and interests. We think, therefore, that the order in the case of Caroline Wandell, as plaintiff, should be affirmed, with $10 costs and disbursements, without prejudice to an application, upon notice to Mrs. Romeyn, and upon payment to the plaintiff of the costs imposed below and of this appeal.

The order in the case of Josephine Wandell should be reversed, with $10 costs and disbursements, and the application denied, with $10 costs, without prejudice to a renewal, upon notice to Mrs. Romeyn, and upon payment to the plaintiff of all such costs.